## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEROME BARRIOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-02576 |
| | ) | |
| ATMOS ENERGY CORPORATION, | ) | |
| Serve: The Prentice-Hall Corporation | ) | |
| System, Kansas, Inc. | ) | |
| 1100 SW Wanamaker Rd., | ) | |
| Suite 103 | ) | |
| Topeka, KS 66604 | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| And | ) | |
| | ) | |
| ATMOS ENERGY SERVICES, LLC, | ) | |
| Serve: Corporation Service Company | ) | |
| 1100 SW Wanamaker Rd., | ) | |
| Suite 103 | ) | |
| Topeka, KS 66604 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Jerome Barrios, by and through counsel, and for his causes of action against Defendants Atmos Energy Corporation and Atmos Energy Services, LLC (collectively "Defendants"), for employment discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") states and alleges as follows:

**PARTIES**

1.      Plaintiff Jerome Barrios is 63-year-old male citizen of the United States, residing in Olathe, Kansas, and he was at all relevant times individually or jointly an "employee" of Defendants under the ADEA.

2.      Defendant Atmos Energy Corporation is a Texas for-profit corporation doing business in the State of Kansas.

3.      Defendant Atmos Energy Services, LLC is a Texas for-profit corporation doing business in the State of Kansas, and on information and belief is a subsidiary or affiliate of Defendant Atmos Energy Corporation.

4.      At all relevant times, Defendants were "employers" jointly and severally of Plaintiff within the meaning of the ADEA.

5.      All of the acts, conduct, and omissions of Defendants were performed by their agents, representatives, and employees while in the course and scope of their agency or employment.

**JURISDICTION AND VENUE**

6.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

7.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the district including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendants.

**FACTUAL ALLEGATIONS**

8.      Plaintiff was employed by Defendants for nearly 40 years, beginning on or about February 18, 1985, including in his final position as Operations Manager, and continuing until his wrongful termination effective on or about January 2, 2025.

9.      At all relevant times, Defendants individually and collectively were engaged in an industry affecting commerce and individually and/or collectively employed more than 500 persons for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10.     Defendants operate their businesses in a joint and integrated manner such that they effectively are joint employers, or an integrated enterprise, and therefore they are liable to Plaintiff as his employer or joint employers based on the claims alleged herein.

11.     On information and belief, Defendants share management services such as check writing, personnel forms, policy manuals and filing of business reports with applicable state and federal agencies.

12.     On information and belief, Defendants share payroll and insurance programs; they share the services of certain managers and personnel; they share office space, equipment, and storage; they share certain officers and/or directors, and effectively they operate as a single unit.

13.     On information and belief, Defendants have centralized control of labor relations in terms of centralized authority over labor and personnel policies, centralized legal management of labor and personnel issues, joint maintenance of personnel records and policies, and intra-organization transfers and promotions of personnel are common between and among Defendants.

14.     Defendants share common ownership and financial control in that they share certain officers and directors and Defendants jointly control their finances, operations, policies, and procedures.

15.     Plaintiff was subject to the control of Defendants as to the means and manner of accomplishing his work as an employee.

16.     Throughout his employment, Plaintiff performed all duties of his positions as required, met the expectations of his positions, and he was a high performer, receiving promotions, bonuses, raises, praise, and excellent reviews and commendations for his work.

17.     Plaintiff is currently 63 years old.

18.     During the last year or so of his employment, Plaintiff experienced an increasingly hostile work environment and a pattern and practice of age discrimination in the terms and conditions of his employment by Defendants, including a failure to hire, transfer or promote him, including to a position as Damage Prevention Manager, a falsely based written counseling, unjustified negative comments and feedback on his performance evaluation, pressure to transition to retirement, false allegations of poor leadership, forced administrative leave, a faulty, biased and pretextual investigation into his alleged poor leadership, and repeated actions to promote or advantage younger employees instead of him.

19.     In December 2024, Plaintiff was threatened by Defendants' senior management and human resources leaders and placed on administrative leave with the intention of forcing him to retire or firing him under false pretenses.

20.     Plaintiff was shocked by this discriminatory treatment, and he reported his concerns about discrimination and Defendants' attempt to force him to involuntarily retire without a fair and adequate severance package.

4

21.    Less than a week later, with no investigation into the false complaints about Plaintiff's leadership or his concerns about discrimination, Defendants told Plaintiff was being terminated as of January 2, 2025 and he was offered a wholly inadequate severance, roughly equivalent to two or three months compensation, but only if he agreed not to sue Defendants for age discrimination and retaliation.

22.    These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger employees, or those who had not complained about or reported discrimination were treated more favorably.

23.    The true reasons for the discriminatory and retaliatory employment actions of Defendants against Plaintiff, including but not limited to those adverse employment actions set forth above, were illegal age discrimination and/or retaliation for reporting concerns about illegal discrimination.

24.    On January 7, 2025, Plaintiff filed a timely charge alleging age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission.  (Attached as Exhibit A.)

25.    On or about July 11, 2025, the EEOC mailed a Notice of Right to Sue to Plaintiff. (Attached as Exhibit B.)

26.    This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

27.    Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

28.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 above.

29.    Plaintiff's age was a "but for" cause of Defendants' intentional decision to discriminate against him in the terms and conditions of his employment, by, including but not limited to, subjecting him to a hostile work environment, failure to hire, transfer or promote him, including to a position as Damage Prevention Manager, a falsely based written counseling, unjustified negative comments and feedback on his performance evaluation, pressure to transition to retirement, false allegations of poor leadership, forced administrative leave, a faulty, biased and pretextual investigation into his alleged poor leadership, repeated actions to promote or advantage younger employees instead of him, and his wrongful termination for false, pre-textual reasons, as set forth above.

30.    Defendants treated similarly situated, substantially younger, and less-qualified employees and applicants better than Plaintiff in the terms and conditions of their employment.

31.    On information and belief, Plaintiff was replaced and/or his job duties were assumed by, and/or transfers or promotions were given by Defendants to less-qualified, less-tenured, and substantially younger individuals.

32.    The discriminatory actions of Defendants detrimentally affected Plaintiff in the terms and conditions of his employment with Defendants.

33.    Defendants knew, or should have known, of the age discrimination against their employees, including Plaintiff.

34.    Defendants failed to take prompt and appropriate corrective action to end the age discrimination against their employees, including Plaintiff.

6

35.     Defendants failed to make good faith efforts to enforce their policies to prevent age discrimination against their employees, including Plaintiff.

36.     Defendants' conduct was willful and showed reckless disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

37.     As a direct result of Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally on Count I, and requests an award of his actual, compensatory damages, including but not limited to his lost wages and benefits, with interest through the date of trial and thereafter, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (ADEA)

38.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 37 above.

39.     Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices, including disparate treatment by Defendants on the basis of his age in the terms and conditions of his employment compared with similarly situated, substantially younger employees, and he reported the same to Defendants.

40.     Defendants retaliated against Plaintiff because of his opposition to unlawful

discriminatory employment practices, including but not limited to, by subjecting him to a hostile work environment, by failing to hire, transfer or promote him, including to a position as Damage Prevention Manager, by providing a falsely based written counseling, unjustified negative comments and feedback on his performance evaluation, pressure to transition to retirement, false allegations of poor leadership, forced administrative leave, a faulty, biased and pretextual investigation into his alleged poor leadership, repeated actions to promote or advantage younger employees instead of him, and his wrongful termination for false, pre-textual reasons, as set forth above.

41.     Plaintiff's opposition to unlawful discriminatory employment practices was a "but for" determining factor in Defendants' decision to subject him to adverse employment actions, including those actions set forth above and herein, and including the termination of his employment.

42.     Defendants' conduct was knowing and willful and intentionally violated Plaintiff's rights under the ADEA and is sufficient therefore to warrant an award of liquidated damages.

43.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other pecuniary and nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally on Count II, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial and thereafter, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys'

fees, equitable relief as appropriate, including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/ Eric W. Smith
    Eric W. Smith             KS #70235
    Ryan P. McEnaney    KS FED #78827
    Athena M. Dickson    KS #21533
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    esmith@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**